IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KIMBERLY S. BYRD**  **PLAINTIFF**

v.  **CIVIL CASE NO. 3:23-CV-318-RP**

**COMMISSIONER OF
SOCIAL SECURITY**  **DEFENDANT**

## OPINION AND JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Kimberly Byrd brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #17. The undersigned held a hearing on June 5, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of October 14, 2017. At step two, she found that the plaintiff had the severe impairments of chronic kidney disease with recurrent nephrolithiasis and kidney stones, coronary artery disease, depressive disorder, anxiety disorder, and occipital neuralgia. At step three, she found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> [T]he claimant can perform tasks that require occasional climbing ramps and stairs, balancing, stooping, kneeling crouching, and crawling; but do not require climbing ladders, ropes, and scaffolds, working at unprotected heights; can maintain concentration, persistence, and pace for two-hour intervals to perform tasks that involve working with

---

[10]*Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

> things, rather than with people, and do not require a fast production pace; can maintain occasional interaction with supervisors and coworkers to accomplish tasks, but no interaction with public; can adapt to infrequent, gradually introduced changes.

At step four, the ALJ found that the plaintiff is capable of performing her past relevant work as a housekeeper/cleaner. Additionally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the representative light, unskilled jobs of marker, router, and mail clerk. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the Commissioner's decision should be reversed primarily because the ALJ did not discuss the severity of the plaintiff's migraine headaches at step two of the sequential evaluation process. However, although it is true the ALJ did not discuss the plaintiff's headaches at step two, the ALJ's decision elsewhere acknowledges the plaintiff's administrative hearing testimony about her headaches and contains a thorough discussion of the treatment records pertaining to the plaintiff's complaints of headaches in relation to her treatment for occipital neuralgia, which the ALJ found to be a severe impairment at step two. If, as the plaintiff argues, the ALJ was required to separately evaluate the plaintiff's headaches at step two and make a severity finding as to the headaches apart from the occipital neuralgia, then the error is harmless.

Even where the discussion of a severe impairment is omitted altogether at step two, if the decision does not turn on a step two determination but rather turns on subsequent steps in the analysis, and if the remainder of the decision reflects that the ALJ considered all the claimant's claimed impairments (including the impairment omitted at step two), then the claimant's step two argument "is

irrelevant to the disposition of [her] case." *Dise v. Colvin,* 630 F.App'x 322, 324 (5th Cir. 2015) (quoting *Chaparro v. Bowen,* 815 F.2d 1008, 1011 (5th Cir. 1987)). In the present case, the ALJ's decision does not turn on a step two determination, and again, the remainder of the decision reflects that the ALJ considered the hearing testimony and medical evidence regarding the plaintiff's headaches. There is no reversible error here.

Next, the plaintiff argues that the ALJ should have included in the RFC a disabling level of absenteeism based on the frequency of the plaintiff's medical visits as documented in her medical records. However, "the need for a medical visit does not necessarily equate to missing an entire day of work and … the need for multiple visits does not compel disabling absenteeism." *Samantha R. v. Comm'r of Soc. Sec.,* No. 20-CV-0440-MJR, 2021 WL 2820987, at *5 (W.D.N.Y. July 7, 2021) (citing *Robbins v. Saul,* No. 19-CV-6592, 2020 WL 1445854, at *4 (W.D.N.Y. Mar. 25, 2020) (rejecting plaintiff's assertion that 45 medical events over 21-month period prevented her from maintaining regular employment and collecting cases finding that a claimant can seek treatment during part of workday or during non-work hours)). *See also Linda v. Comm'r of Soc. Sec.,* No. 2:21-cv-48-kjd, 2022 WL 1845599, at *14 (D. Vt. June 3, 2022) (finding plaintiff failed to establish that her need for medical appointments would amount to disabling absenteeism where she failed to establish how long her medical appointments would be or that they could not be scheduled for times outside workday); *Goodman v. Berryhill,* No. C17-5115 BAT, 2017 WL 4265685, at *3 (W.D. Wash. Sept. 25, 2017) (rejecting proposition that "frequency of medical appointments alone can be considered a disabling medical impairment"). In the present case, the plaintiff has not established how long her expected medical appointments would be or that they could not be scheduled outside of workday hours. The ALJ committed no error in omitting from her RFC a disabling level of absenteeism.

Next, the plaintiff argues that because the ALJ did not find fully persuasive the medical opinions given in connection with the plaintiff's mental consultative examinations, the ALJ should have obtained the services of a medical expert to give an opinion of the plaintiff's mental limitations based upon a review of the entire medical record. "However, there is no requirement that the ALJ have before him a 'persuasive' medical opinion on which to rely when assessing a claimant's functional limitations." *Mosley v. Comm'r Soc. Sec.,* No. 3:23-CV-439-RP, 2024 WL 1674511, at *3 (N.D. Miss. Apr. 18, 2024). Further, an ALJ is not required to obtain medical expert testimony to determine whether a claimant's impairments are disabling, as "the use and consideration of medical expert testimony is solely within the discretion of the ALJ." *Dominguez v. Astrue,* 286 F.App'x 182, 186 (5th Cir. 2008); *see also* SSR 18-01P (S.S.A.), 2018 WL 4945639, at *6 (2018) ("The decision to call on the services of an ME is always at the ALJ's discretion."). Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result. *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984). "[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220. In the present case, the plaintiff has not demonstrated that the ALJ abused her discretion in not obtaining the services of an ME, nor has the plaintiff shown what testimony an ME could and would have offered that might have altered the result.

Finally, the plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order. The court disagrees. In the ALJ's previous decision denying the plaintiff's applications, the ALJ found no severe mental impairments and assessed no mental functional limitations. After a district court remand of the Commissioner's decision, the Appeals Council vacated the decision and remanded the case to the ALJ with instructions to further evaluate the

plaintiff's mental impairments, to give further consideration to the medical opinions/administrative findings as to the plaintiff's mental limitations, to give further consideration to the plaintiff's RFC and, if warranted, to obtain VE testimony on the effect of the plaintiff's assessed limitations on the occupational base. On remand, the ALJ did all of these things and found the plaintiff has the severe mental impairments of depressive disorder and anxiety disorder, and the ALJ included significant mental limitations in the plaintiff's RFC. This argument by the plaintiff is without merit.

  For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is AFFIRMED.

  This, the 6th day of June, 2024.

           /s/ Roy Percy  
           UNITED STATES MAGISTRATE JUDGE